IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| TRACY SWANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.    01-16-cv-02558 |
| | ) | |
| MEDTRONIC SOFAMOR | ) | |
| DANEK USA, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, TRACY SWANSON, by and through her attorney, Kent D. Sinson of Sinson Law Group, and complaining of the Defendant, MEDTRONIC SOFAMOR DANEK USA, INC., alleges as follows:

1. Tracy Swanson is a citizen of LaPorte, Indiana. Medtronic Sofamor Danek USA is a corporation, incorporated under the laws of Tennessee, with its principal place of business at 1800 Pyramid Pl. Bldg. A, Memphis, TN, 38132. The amount in controversy without interest and costs exceeds the sum or value specified by 28 U.S.C. § 1332.

2. That on and prior to March 3, 2008, the Defendant Medtronic Sofamor Danek USA, Inc. designed, manufactured, sold and distributed a certain spinal hardware system, known as the Zephir System, to surgically stabilize the spine after decompression laminectomy to achieve fusion.

3. That on or about March 3, 2008 and subsequent thereto, the Defendant, Medtronic Sofamor Danek USA, Inc. did design, manufacture, sell and distribute the

1

Zephir System to physicians, which system was intended to surgically stabilize the spine after decompression laminectomies to achieve fusion.

4. That on or about March 3, 2008 the Plaintiff Tracy Swanson, did undergo surgery by Dr. Roman Filipowicz and Dr. Thomas P. Ryan at which time a Zephir System designed, manufactured and sold by the Defendant, Medtronic Sofamor Danek USA, Inc., was surgically inserted for the purpose of stabilizing the Plaintiff's spine to achieve fusion. Specifically Plaintiff has an anterior cervical discectomy and fusion at C5-C6 and C6-C7.

5. That the Zephir System contained locking caps and set screws for the purpose of preventing any movement or disengagement of rods upon final tightening.

6. That the set screw was intended to provide compression to prevent any movement of the rod.

7. Prior to the first sale of the Zephir System, the Defendant knew that the set screw and/or locking cap and/or rod may loosen prior to achieving fusion.

8. That as designed, manufactured and sold, loosening of the locking cap and/or set screw and/or rod movement and/or rod migration was not intended before fusion was achieved.

9. That subsequent to the subject system and/or components thereof did loosen, disengage, and/or fail before fusion was achieved.

10. That at the time that the subject system, including any and all components, replacement and/or revision parts, left the control of the Defendant Medtronic Sofamor Danek USA, Inc., or its predecessors or successors in interest, said Zephir System and its components were unreasonably dangerous when put to a use

which said Defendant Medtronic Sofamor Danek USA, Inc. or its predecessors or successors in interest, knew or should have known would occur or take place; that it was the duty of said Defendant not to design, manufacture, sell or distribute a Zephir System and components thereof which was unreasonably dangerous and therefore defective; yet, notwithstanding said duty, said Zephir System and components thereof were unreasonably dangerous and therefore defective in one or more of the following ways:

    a. The aforesaid Zephir System and/or its components did not perform as reasonably expected in light of its nature and intended function;

    b. The aforesaid Zephir System contained set screws and locking mechanisms that could loosen after implantation and final tightening;

    c. The aforesaid Zephir System failed to provide a set screw which would not loosen;

    d. The aforesaid Zephir System and its components failed to have safe, suitable and proper warnings to physicians and/or patients advising that the set screws and/or locking caps could loosen before achieving fusion;

    e. The aforesaid Zephir System failed to have a safe, suitable design to prevent spinal instability necessary to achieve fusion.

11. That as a direct and proximate result of one or more of the aforementioned defective conditions, the set screws and/or locking caps loosened before achieving fusion; the Plaintiff, TRACY SWANSON, did sustain severe and serious injuries to diverse portions of her body and the need for multiple surgeries; said injuries are permanent; that the Plaintiff, TRACY SWANSON, sustained great pain and suffering and will in the future incur great pain and suffering; that said Plaintiff did incur and will incur in the future medical expenses; that said Plaintiff did sustain other pecuniary loss and other losses and damages and will in the future incur other pecuniary

loss and damages; that said Plaintiff sustained loss of earnings and/or ability to work and will in the future sustain loss of earnings and/or ability to work.

12. Plaintiff was not able to discover her cause of action until June 29th, 2015 when CT scan of her spine revealed a nonunion at C6-C7 and the right side C7 screw having completely retracted from the bone and metallic plate and displaced into the tissue to the right of the midline immediately posterior to the right lobe of the thyroid. The left C7 screw showed evidence of early loosening.

13. A plaintiff may bring her suit within 2 years after the date on which the plaintiff knew, or through the use of reasonable diligence should have known, of the existence of the personal injury. Plaintiff did not know or through the use of reasonable diligence should she have known, of the injury caused by the defendant's defective product until June 29th, 2015.

**WHEREFORE**, Plaintiff, TRACY SWANSON, demands judgment against the Defendant Medtronic Sofamor Danek USA, Inc. in an amount in excess of Seventy-five Thousand Dollars ($75,000.00) and any other relief this court deems just.

Respectfully Submitted,

//Kent D. Sinson//
Kent D. Sinson for Plaintiff

Kent D. Sinson
Sinson Law Group
20 North Wacker Drive, Suite 1010
Chicago, Illinois 60606
(312) 332-2107
ARDC #6196953